**R.Q. McGOWAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 65964, 65965.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 22, 1984.

Donald C. Adams, Dallas, for appellant.

Henry Wade, Dist. Atty., and Jeffrey B. Keck, Cathy Crier and Reed Prospere, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Appellant was convicted of two cases of aggravated assault. Punishment was assessed at ten years' confinement in each case.

In a supplemental brief, appellant challenges the sufficiency of the evidence. We now turn to a review of the facts. About 1:00 p.m. on November 30, 1979, Mildred Wesley, the 14-year-old complainant in Cause No. 65,964, was walking home with some friends when she saw appellant approaching her. Appellant came up to Mildred, grabbed her and began beating on her. Appellant made no verbal threat to Mildred. Mildred saw her mother across the street and yelled out to her for help. Mrs. Mack, Mildred's mother, came across the street, broke up the struggle and then escorted her daughter to a nearby grocery store. Appellant followed them to the store. After leaving the store, Mildred and her mother started for home. In order to go home, they were required to go through a small alley where they were again accosted by appellant. Appellant pushed Mildred on the ground and began beating her, demanding that she come with him and clean his house. Appellant then stabbed Mildred in the stomach and began kicking her. Mildred testified that after she was stabbed she saw appellant holding an open pocket knife. Mildred testified that she then asked appellant not to cut her. Mildred further testified that appellant threatened her with imminent bodily injury.

Shortly after Mildred was pushed to the ground, Mrs. Mack, the complaining witness in Cause No. 65,965, reached down to help Mildred. Appellant stabbed Mrs. Mack in the back of the head. Although Mrs. Mack testified that she did not see what she had been hit with, she did state that she felt the blow and immediately felt blood dripping down from where she had been hit. Mildred testified that she saw appellant stab her mother in the head. Appellant then ran off and Mildred and her mother helped each other up. After they made their way home, other family members took them to a hospi-

tal. Mrs. Mack further stated that she was threatened with imminent bodily injury by the appellant.

Because of her injuries, Mildred was required to undergo surgery and was hospitalized three weeks. Mrs. Mack also underwent surgery and was hospitalized for two weeks.

Dr. James Dyll, a neuro-surgeon, testified that he observed two cuts in Mrs. Mack's scalp. Because X-rays showed there was metal extending into Mrs. Mack's innercranial cavity, surgery was performed and the tip of a knife blade was removed from Mrs. Mack's head. Dr. Dyll stated that the weapon from which the blade tip had broken off was capable of causing death.

In both cases, the indictment alleges that appellant

"... did unlawfully, then and there knowingly and intentionally, use a deadly weapon, to-wit: a knife, to threaten (the victim) with imminent bodily injury by use of the said deadly weapon."

Appellant argues that although the evidence does show that appellant committed aggravated assault by causing bodily injury by using a deadly weapon, the evidence fails to show that any threats were made with the knife.

■ It is well established that threats can be conveyed in more varied ways than merely a verbal manner. *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977); *Horn v. State,* 647 S.W.2d 283 (Tex.Cr.App.1983). A threat may be communicated by action or conduct as well as words. *Horn v. State,* supra; *Berry v. State,* 579 S.W.2d 487 (Tex. Cr.App.1979).

■ In Cause No. 65,965, it is undisputed that Mrs. Mack did not know what appellant struck her with. Mrs. Mack was merely trying to pull her daughter away from appellant. There is no evidence that prior to stabbing her appellant threatened her in any way. She never saw appellant holding a knife nor did she testify that appellant threatened her with a knife. Finally, the evidence shows that after appellant stabbed

Mrs. Mack, he fled. Thus, we are constrained to hold that the evidence is insufficient in Cause No. 65,965, to show aggravated assault by threats even though it shows bodily injury. See, *Taylor v. State*, 637 S.W.2d 929 (Tex.Cr.App.1982); *Benjamin v. State*, 621 S.W.2d 617 (Tex.Cr.App.1981).

■ In Cause No. 65,964, however, the evidence is sufficient to sustain the conviction. The evidence showed that after she was initially stabbed by appellant Mildred saw him holding the knife and began begging appellant not to cut her. She further testified that appellant threatened her with imminent bodily injury. The evidence is sufficient in Cause No. 65,964. See, *Horn v. State*, 647 S.W.2d 283 (Tex.Cr.App.1983).

Appellant complains that the trial court committed reversible error when it responded to a jury note. The record shows that during the deliberations on punishment the jury sent the following note to the judge:

"Is the 2 to 10 year sentence total *or* for each indictment?

"If for each indictment, do they run concurrently?"

The trial court responded to the jury in writing telling the jury that the answer to the first question was "for each indictment" and the answer to the second question was "they run concurrently." Appellant voiced a general objection to the answers given. The record is silent as to whether the jury was returned to open court and the answers read to them or whether the appellant waived this requirement. Article 36.27, V.A.C.C.P. Appellant contends that the court's answer to the first question amounted to an additional instruction and thus the procedure used violated Article 36.27, V.A. C.C.P. Furthermore, he argues that the court's answer to the second question was an incorrect statement of the law according to Article 42.08, V.A.C.C.P.

■ As noted above, appellant voiced a general objection to the trial court's answers. Appellant failed to object to the failure of the trial court to read the answers in open court. Moreover, he failed to specify to the court why he objected to the trial court's answers.

Article 36.27, supra, provides in part that the court:

". . . shall first submit the question and also submit his answer to the same to the defendant or his counsel or objections and exceptions, in the same manner as any other written instructions are submitted to such counsel. . . ."

Thus, it appears that objections to the court's answer should be treated like any other objection to the court's charge. Failure to specify the grounds for objection waives error, if any. *McClennon v. State*, 492 S.W.2d 524 (Tex.Cr.App.1973); *Bilbrey v. State*, 594 S.W.2d 754 (Tex.Cr.App.1980). A general objection is equivalent to making no objection at all. Thus, nothing is preserved for review. *Smith v. State*, 513 S.W.2d 823 (Tex.Cr.App.1974); *Calicult v. State*, 503 S.W.2d 574 (Tex.Cr.App.1974).

Turning to the merits of appellant's argument, we see that this Court has held that a communication between the court and the jury, although not made in compliance with provisions of the statutes, which does not amount to an additional instruction by the court upon the law or some phase of the case does not constitute reversible error. *Nacol v. State*, 590 S.W.2d 481, 486 (Tex.Cr. App.1979); *Brown v. State*, 505 S.W.2d 850, 857 (Tex.Cr.App.1974); *Arrevalo v. State*, 489 S.W.2d 569, 572 (Tex.Cr.App.1973); *Allaben v. State*, 418 S.W.2d 517, 520 (Tex.Cr. App.1967).

■ The court's answer to the first question was clearly not an additional instruction to the jury. The court had submitted two charges to the jury, one for each case. Each charge instructed the jury panel that the punishment for the offense of aggravated assault as charged in the indictment was confinement for two to ten years. Thus, it was clear from the original instructions that the punishment of two to ten years was for each indictment. The court's first answer was proper.

■ Although the court's second answer may be construed as an additional instruction to the jury, appellant has demonstrated

no harm. The judge instructed the jury that the sentence would run concurrently and indeed that is how appellant was sentenced.

A similar answer was given in response to a post-retirement question by the jury in *Haliburton v. State,* 578 S.W.2d 726 (Tex. Cr.App.1979). Judge W.C. Davis, writing for the majority, stated:

"Our examination of the record does not reflect any harm to appellant that might be traced to the additional charge. The record before us shows only that the jury was concerned with concurrent sentencing and requested information from the court. There is no showing that the jury's consideration of the information supplied by the court worked to the detriment of appellant. (footnote omitted)

"Further, we are unable to presume harm in this situation. Knowledge that the sentence would run concurrently is a two-edged sword, the information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed. (footnote omitted)."

This ground of error is overruled.

■ Next, appellant complains of the failure of the court to instruct the jury on the law of circumstantial evidence. Such an instruction was not necessary here because the State did not wholly rely upon circumstantial evidence. Furthermore, we have recently held that an instruction on the law of circumstantial evidence is no longer required. *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1981). Appellant's second ground of error is overruled.

In his third ground of error, appellant complains that his jail card was improperly admitted into evidence. Appellant argues that since there was no proof that Deputy Justice, the custodian of the records, had personal knowledge of the entries contained on the jail card, there was no evidence that the record was made in the regular course of business by someone with personal knowledge of the surrounding events. Article 3737e, V.A.C.S.

Deputy Justice testified that he was the custodian of the jail records, that the jail records were kept in the normal course of business, that the records were kept on a day-to-day basis, that the entries on the records were made by jail employees who had personal knowledge of the events they recorded, and that the entries were recorded at or near the time the events occurred.

■ The proponent of a business record must prove that (1) it was made in the regular course of business, (2) it was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event, or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record; and (3) it was made at or near the time of the act, event or condition or reasonably soon thereafter. Article 3737e, Section 1, supra. The fact that Deputy Justice did not have personal knowledge of the information contained in the jail records does not affect the admissibility of the records. Article 3737e, Section 2, supra. We hold that the proper predicate was laid and the jail card was properly admitted into evidence. *Aubrey v. State,* 624 S.W.2d 291 (Tex.App.—Dallas, 1981). This ground of error is overruled.

The conviction in Cause No. 65,964 is affirmed. Because we have found the evidence insufficient in Cause No. 65,965, the judgment in that cause must be reversed, and the cause is reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

It is so ordered.

W.C. DAVIS, J., not participating.