NO. 07-04-0480-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

NOVEMBER 20, 2007

______________________________


ANTONIO SCHMIDT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B 15510-0405; HONORABLE ED SELF, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION 
ON REMAND FROM THE COURT OF CRIMINAL APPEALS
          Appellant, Antonio Schmidt, was convicted by a jury of retaliation and sentenced to
seven years confinement and a $7,000 fine. By our opinion of February 2, 2006, we
reversed Appellant’s conviction for retaliation and rendered a judgment of acquittal. Our
opinion was based on a finding that the evidence was legally insufficient to prove retaliation
by threat as alleged in the indictment. Based upon that decision, we did not address
Appellant’s further complaints. 
          The State’s Petition for Discretionary Review was granted on two issues: (1)
whether a threat of harm and actual harm can arise from the same act and occur
simultaneously or must the threat precede the harm, and (2) was the evidence that
Appellant yelled at, cursed, grabbed, pushed, kicked, dragged, and punched the victim
sufficient to prove that he threatened to harm her? Finding that this Court erred in drawing
a bright-line rule that a threat of harm and actual harm cannot arise from the same act and
occur simultaneously and that the threat must precede the initial harm, the Court of
Criminal Appeals determined that the evidence was legally sufficient and reversed the
judgment of acquittal and remanded the case for further proceedings to consider
Appellant’s remaining points. See Schmidt v. State, 232 S.W.3d 66 (Tex.Crim.App. 2007). 
          In addition to the legal sufficiency challenge which has been resolved, Appellant
also challenged (1) the factual sufficiency of the evidence to support his conviction and (2)
whether the trial court erred in denying his request for a lesser included offense charge for
the offenses of assault with bodily injury and assault by threatening to cause imminent
bodily injury. As directed by the high Court, we now address Appellant’s remaining
contentions.
 
Factual Background
          Appellant was indicted for threatening to harm the victim by striking her in retaliation
for or on account of her services as a prospective witness. Appellant was angry with the
victim, with whom he had been romantically involved for almost four years. The victim was
spending a few days with Appellant at his mother’s house. The victim testified that one
morning during her visit, Appellant woke up angry and was calling her names. On that
morning, besides them, Appellant’s mother was the only other occupant in the house. She
was in her bedroom in the back of the house. Appellant and the victim argued in the living
room and Appellant yelled, screamed, and cursed at her and said, “[y]ou stupid bitch, I’m
probably going to have to do time because of you!” She stepped outside to the front porch
and sat in a swing. She ignored Appellant yelling at her from inside the house. He then
went outside, where the argument escalated into violence. He grabbed the victim by the
arms as she yelled to be left alone. He pushed her off the swing and caused her to hit her
head. While she was lying on the ground crying and “curled up in a ball,” Appellant kicked
her in the back and stomach, dragged her by her hair, and punched her in the face. 
According to the victim, she managed to get away and go back inside the house. She tried
to use the phone, but Appellant took it from her and threw it across the room. At
Appellant’s mother’s suggestion, she locked herself in the bathroom until she could safely
leave the house. The victim and Appellant’s mother exited the house through the back
door and Appellant’s mother found her a ride home. According to the victim, as she was
walking to the car, Appellant laughed and said, “[h]a, ha. That’s what you get, bitch.”
Factual Sufficiency of the Evidence
          When conducting a factual sufficiency review, we examine all the evidence in a
neutral light and determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004),
overruled in part by Watson v. State, 204 S.W.3d 404, 415-17 (Tex.Crim.App. 2006). We
cannot reverse a conviction unless we find some objective basis in the record that
demonstrates that the great weight and preponderance of the evidence contradicts the
jury’s verdict. Watson, 204 S.W.3d at 417. In other words, we cannot conclude that
Appellant’s conviction is “clearly wrong” or “manifestly unjust” simply because we might
disagree with the jury’s verdict. Id.; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997). Additionally, we must consider the most important evidence that Appellant claims
undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003). 
We are not, however, required to discuss all evidence admitted at trial. See id. See also
Roberts v. State, 221 S.W.3d 659, 665 (Tex.Crim.App. 2007).
          The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13
& 38.04 (Vernon 2007). As a reviewing court, we must always remain cognizant of the
jury’s role and unique position in evaluating credibility and demeanor of witnesses and
giving weight to contradictory testimonial evidence. Johnson v. State, 23 S.W.3d 1, 8-9
(Tex.Crim.App. 2000). Unless the record clearly demonstrates a different result is
appropriate, we must defer to the jury’s determination. Johnson, 23 S.W.3d at 8. 
          The indictment in this cause required the State to prove that Appellant intentionally
or knowingly threatened to harm the victim by an unlawful act, to-wit: striking the victim, in
retaliation for or on account of her services as a prospective witness. See Texas Penal
Code Ann. § 36.06(a)(1)(A) (Vernon Supp. 2007)


. According to Appellant, the most
important evidence that undermines the jury’s verdict is the fact that the State failed to
prove that the victim was a prospective witness of an offense. Appellant further contends 
the State failed to prove that he threatened to harm the victim as alleged in the indictment
and that without an amendment to the indictment alleging an alternative means of
committing the offense, to-wit: by actually harming the victim, the evidence is insufficient
to support his conviction. (Emphasis added). We disagree. 
          According to the victim, she had told a friend of hers that she had given a statement
to the police about an incident that occurred in Dallas involving Appellant, but had not told
Appellant she had done so. Instead, she had told him that, although the local police had
been looking for her, she did not speak with them. The victim testified that she had
confided in her friend, Bridgett, about her statement to the police and that Bridgett must
have told her sister Brittany. Specifically, the victim testified, “Brittany started calling
[Appellant] and told him a bunch of stuff behind my back.” The victim further testified, “I
told Bridgett, and I guess Bridgett had told her sister Brittany about it.” Appellant’s
statement to the victim that “I’m probably going to have to do time because of you”
indicates he was aware that she had given some sort of a statement to the police and it
supports the contention that the assault was on account of her services as a prospective
witness.
          As to Appellant’s claim that a threat of harm is distinguishable from harm itself, in
its review of this Court’s prior opinion, the Court of Criminal Appeals explained that
“[d]uring a prolonged assault, the aggressor’s actions can include both threats and actual
harm. In some cases, infliction of harm itself can be a threat of further harm.” 232 S.W.3d
at 67. In reaching its conclusion, the Court relied on Olivas v. State, 203 S.W.3d 341
(Tex.Crim.App. 2006), in which it revisited McGowan v. State, 664 S.W.2d 355
(Tex.Crim.App. 1984). Schmidt, 232 S.W.3d at 67-68. The Court took the position that
in a case of assault by threatening another with imminent bodily injury, the crucial inquiry
is “whether the assailant acted in such a manner as would under the circumstances
portend an immediate threat of danger to a person of reasonable sensibility.” Olivas, 203
S.W.3d at 347. The Court, however, left open the question of whether a victim must
perceive the defendant’s threat to establish the crime of assault by threat. Olivas, 203
S.W.3d at 349.



          There is no doubt that Appellant harmed the victim in this case. The victim endured
a prolonged assault which involved pushing, grabbing, kicking, punching, and dragging. 
The victim testified that Appellant’s conduct caused her fear. Although she initially claimed
she did not feel threatened “because it wasn’t the first time that it had happened,” later, in
response to questions, she testified that she did feel threatened by Appellant’s actions. 
Based on the Court’s rationale in Schmidt and the evidence presented by the victim, we
conclude there was adequate evidence of threatened harm to the victim. Because we find
that there was factually sufficient evidence of both service as a prospective witness and
threatened harm, we find that Appellant’s conviction was not “clearly wrong” or “manifestly
unjust.” Point of error one is overruled. 
Lesser Included Offenses 
          By his second point of error, Appellant contends the trial court erred in denying his
request for inclusion in the jury charge the lesser included offenses of assault causing
bodily injury pursuant to § 22.01(a)(1), a Class A misdemeanor offense, and assault by
threatening to cause imminent bodily injury pursuant to § 22.01(a)(2), a Class C
misdemeanor offense. The State maintains the trial court did not err because neither
offense is a lesser included offense of retaliation. 
          A defendant is entitled to a lesser included offense jury charge if: (1) the requested
charge is a lesser included offense of the offense charged, and (2) there is some evidence
that if the defendant is guilty, he is guilty only of the lesser offense. Guzman v. State,188
S.W.3d 185, 188 (Tex.Crim.App.2006) (Emphasis added). The evidence must establish
the lesser included offense as a valid rational alternative to the charged offense. McKinney
v. State, 207 S.W.3d 366, 370 (Tex.Crim.App.2006).
          The first prong of this test requires that we compare the elements of the offense, as
charged, against the elements of the requested lesser included offense to determine if the
requested charge is in fact a lesser included offense of the offense charged. Hall v. State,
225 S.W.3d 524, 535 (Tex.Crim.App. 2007). The analysis of the first prong is a question
of law. Id. To be considered a lesser included offense, the lesser offense must be
included within the proof necessary to establish the offense charged. Campbell v. State,
149 S.W.3d 149, 152 (Tex.Crim.App. 2004). Under the Texas Code of Criminal
Procedure, an offense is a lesser included offense if it is established by proof of the same
or less than all the facts required to establish the commission of the offense charged. Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). 
          In this case, the indictment alleged that (1) Appellant did (2) intentionally or
knowingly, (3) threaten to harm another, to-wit: Kimberly Lee, (4) by an unlawful act, to-wit:
striking Kimberly Lee, (5) in retaliation for or on account of the services of Kimberly Lee as
a prospective witness. By comparison, the elements of assault causing bodily injury are
established by proof that: (1) a person (2) intentionally, knowingly, or recklessly (3) causes
bodily injury to another; and, the elements of assault by threatening to cause imminent
bodily injury are established by proof that: (1) a person (2) intentionally or knowingly (3)
threatens another with imminent bodily injury. Appellant maintains that these offenses are
lesser included offenses because they are established by proof of less than all the facts
required to establish the offense of retaliation, to-wit: they do not require proof that the
assault was in retaliation for or on account of the services of Kimberly Lee as a prospective
witness. 
          Therefore, whether assault causing bodily injury is a lesser included offense of
retaliation, as charged, turns on whether proof of threaten to harm or striking is legally
equivalent to proof of bodily injury. (Emphasis added). Likewise, whether assault by
threatening to cause imminent bodily injury is a lesser included offense of retaliation, as
charged, turns on whether proof of threaten to harm or striking is legally equivalent to proof
of threaten to cause imminent bodily injury. (Emphasis added).
          To “strike” means to deliver a blow, stroke, or thrust (as with the hand, a weapon,
or a tool). Merriam-Webster’s Collegiate Dictionary (11th ed. 2003). “Bodily injury” means
physical pain, illness, or any impairment of physical condition. § 1.07(a)(8) . “Harm”
means the existence of loss or detriment in fact of any kind to a person resulting from any
cause. Black’s Law Dictionary 718 (6th ed. 1990). (Emphasis added). Additionally,
“imminent” means near at hand; mediate rather than immediate; close rather than
touching; impending; on the point of happening; threatening; menacing; perilous. Black’s
Law Dictionary 750 (6th ed. 1990). (Emphasis added). Under these definitions, to strike
someone would be the legal equivalent of causing bodily injury to that person and a threat
to cause imminent bodily injury would necessarily constitute a threat to harm someone. 
Furthermore, during a prolonged assault, the aggressor’s actions can include both threats
and actual harm. Schmidt, 232 S.W.3d at 67. Therefore, because the difference between
the offense as charged and the lesser offenses requested by Appellant is established by
proof of less than all the facts required to establish the commission of the offense charged,
the offenses of assault causing bodily injury and assault by threatening to cause imminent
bodily injury are lesser included offenses of the felony offense of retaliation, as charged in
this case. Accordingly, we conclude the first prong was met.
          The second prong of the test then requires that we determine whether there is some
evidence that would permit a jury to rationally find that Appellant is guilty only of the lesser
offense. Guzman v. State, 188 S.W.3d at 188 (Emphasis added). In our review we must
review all evidence introduced to determine whether the trial court erred in failing to instruct
the jury on a lesser included offense. Enriquez v. State, 21 S.W.3d 277, 278
(Tex.Crim.App. 2000). The court may not consider whether the evidence is credible,
controverted, or in conflict with other evidence. Banda v. State, 890 S.W.2d 42, 60
(Tex.Crim.App. 1996). If there is evidence from any source that negates or refutes the
element establishing the greater offense, or if the evidence is subject to two different
interpretations, the jury should be charged on the lesser included offense. Schweinle v.
State, 915 S.W.2d 17, 19 (Tex.Crim.App. 1996). 
          The defense strategy was, in part, an effort to show that Appellant and the victim
had argued over several different subjects, including a relationship between Appellant and
another young lady. In this regard, Appellant essentially contends that there was more
than a scintilla of evidence that the altercation between Appellant and the victim was due
to their dysfunctional personal relationship rather than in retaliation for her service as a
prospective witness against Appellant. 
          During direct examination, the victim testified as follows:
Q. We argued a little bit about that girl, but I – he said that he wanted to talk
to her because she kept calling. And I told him, I said, “You know what? 
You want to talk to her? Talk to her. I don’t care. Because once I leave
here today, I’m never talking to you again.
 
Later, during cross-examination, she explained that she had obtained the girl’s phone
number and called her to tell her that she and Appellant had been romantically involved
for almost four years. She added that the girl did not believe her. The victim also testified
that she and Appellant argued over Brittany telling Appellant details about the victim’s
private life. 
          Based on all the evidence presented, we conclude there was more than a scintilla
of evidence that would have permitted the jury to rationally find that the assault was for
reasons other than in retaliation for or on account of her services as a prospective witness. 
The second prong was met; therefore, the trial court erred in refusing to instruct the jury
on the lesser included offenses of assault with bodily injury and assault by threatening to
cause imminent bodily injury.
Harmless Error Review
          An erroneous charge does not automatically result in reversal. Abdnor v. State, 871
S.W.2d 726, 731 (Tex.Crim.App. 1994). Article 36.19 of the Texas Code of Criminal
Procedure provides the manner for appellate review of charge error. Almanza v. State, 686
S.W.2d 157, 171 (Tex.Crim.App. 1984). A judgment shall not be reversed unless the error
appearing from the record was calculated to injure the rights of the defendant. Tex. Code
Crim. Proc. Ann. art. 36.19 (Vernon 2007). The standard to apply in determining harm
depends on whether the defendant objected. Almanza, 686 S.W.2d at 171. Where there
has been a timely objection, an appellate court need only find some harm. Id. 
          During the charge conference, defense counsel requested that the trial court include
an instruction to the jury on the lesser included offenses of assault causing bodily injury
and/or assault by threatening another with imminent bodily injury. Defense counsel noted
that he had no other objections. The trial court overruled defense counsel’s request.



          Cases involving preserved charge error will be affirmed only if no harm has
occurred. Arline v. State, 721 S.W.2d 348, 351 (Tex.Crim.App. 1986) (Emphasis in
original). On the other hand, the presence of any harm, regardless of degree, is sufficient
to require reversal. Id. (Emphasis in original). 
          Retaliation is a third degree felony punishable by confinement for two to ten years, 
in addition to a $10,000 fine. §§ 36.06(c) & 12.34. Assault by causing bodily injury is a
Class A misdemeanor punishable by confinement for up to one year and/or a fine not to
exceed $4,000. §§ 22.01(a)(1) & 12.21. Assault by threatening another with imminent
bodily injury is a Class C misdemeanor punishable by a fine not to exceed $500. Based
on the different degrees of the offenses–felony versus misdemeanors–and potential
ranges of punishment, we conclude that Appellant suffered some harm in not being
granted the requested instructions on lesser included offenses. Thus, the charge error
presented requires a reversal of the trial court’s judgment and a remand of the case for a
new trial. Point of error two is sustained.
Conclusion
          Consequently, the trial court’s judgment is reversed and the cause is remanded for
a new trial.
                                                                           Patrick A. Pirtle

                                                                                 Justice



Do not publish.