# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00180-CR

**Edward Wayne Kincheon, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-06-301791, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Edward Wayne Kincheon appeals from his conviction by a jury of three counts of aggravated sexual assault of a child and three counts of indecency with a child by exposure. *See* Tex. Penal Code Ann. §§ 21.11 (West 2003) (indecency by exposure); 22.021 (West Supp. 2007) (aggravated sexual assault). The jury acquitted him of one count of aggravated sexual assault of a child. These charges arose out of appellant's acts with regard to a single child and were tried together. The jury assessed twenty-five year sentences for each of the three sexual assault counts and five-year sentences for each of the three indecency counts. In a single point of error on appeal, he challenges an instruction given by the trial court that the sentences would run concurrently. We affirm the judgment of conviction.

After the jury rendered its verdict and prior to commencement of the sentencing phase of the trial, the trial judge confirmed that appellant had made an application for probation. He then advised the jury:

> Ladies and gentlemen of the jury, let me state to you right now—this will be part of the jury charge tomorrow, but I will say this to you right now because I know people are curious about this sort of thing.
>
> Because of the fact that we have tried all of these counts together, whatever punishment you mete out in these cases as to these six counts that you found him guilty on, all of these sentences will run concurrently with each other.
>
> So, for instance, if you were to say—if you were to give probation to the defendant, then all of those probations would run at the same time. On the other hand, if you were to give penitentiary time to the defendant, all of those sentences will run at the same time because we have tried all of these cases together.
>
> If we were trying them one at a time or something like that, well, then you would run into a situation where these sentences could be stacked, but that would not be the case here.

Appellant's counsel did not object. The court then recessed until the next morning for the sentencing phase to proceed.

At the close of the evidence of the sentencing phase, the trial court delivered the charge to the jury. The charge included the following instructions:

> Probation must be granted by the court if the jury recommend[s] it in their verdict. If you do not desire to recommend probation you will say nothing about it in your verdict.
>
> All the punishment you assess will run concurrent since all these allegations were tried at the same time.

2

Appellant's counsel did not object to the instruction. In closing argument, he urged the jury to give appellant probation or, in the alternative, a split sentence, giving him probation on some counts and a prison sentence on others. He explained eligibility for parole as set forth in the jury charge. The jury asked no questions during its deliberations. After the jury assessed the sentences, the trial court sentenced the appellant as recommended by the jury and stated that the sentences would run concurrently.

On appeal, appellant argues that because the trial judge had the discretion to "stack" the sentences, the trial court's instruction to the jury regarding concurrent sentencing was a misstatement of law. Acknowledging that his counsel did not object to the charge, appellant recognizes that he must demonstrate egregious harm. *See Almanza v. State*, 686 S.W.2d 157, 172 (Tex. Crim. App. 1984). He urges that the error "undoubtedly led to the imposition of a longer sentence for the defendant."

The rule for instructions regarding concurrent and consecutive sentencing is controlled by *McGowan v. State*, 664 S.W.2d 355, 358-59 (Tex. Crim. App. 1984), which held that the instruction did not constitute reversible error. Here, regardless of the fact that the court had discretion to choose to run the sentences consecutively,[1] the court elected not to do so. The court advised the parties and instructed the jury that the sentences would run concurrently and, indeed, that is how appellant was sentenced. *Id.* (where the trial court answered juror questions—over

---

[1] Whether multiple sentences run concurrently or consecutively is a matter left to the trial court's discretion. *Barrow v. State*, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006); *see also* Tex. Penal Code Ann. § 3.03 (West Supp. 2007); Tex. Code Crim. Proc. Ann. art. 42.08 (West 2006); *see generally State v. Crook*, No. PD-0001-07, 2008 Tex. Crim. App. LEXIS 157 (Tex. Crim. App. Feb. 6, 2008).

defendant's objection—by telling the jury that there would be separate sentences and they would run concurrently, appellant was not harmed where the court "instructed the jury that the sentence would run concurrently and indeed that is how appellant was sentenced"). Based on a policy that "the law should require juries to make informed and intelligent decisions based on every piece of information available," we cannot say the trial court abused its discretion in giving this instruction to the jury. *See Haliburton v. State*, 578 S.W.2d 726, 728-29 (Tex. Crim. App. 1979) (trial court does not err in giving instruction concerning whether sentences will run concurrently); *see also Gordon v. State*, 633 S.W.2d 872, 879 (Tex. Crim. App. 1982); *Dickson v. State*, 986 S.W.2d 799, 804 (Tex. App.—Waco 1999, pet. ref'd).

In any event, appellant has failed to demonstrate harm, much less egregious harm. In *Haliburton*, the court of criminal appeals reasoned:

> [W]e are unable to presume harm in this situation. Knowledge that the sentences would run concurrently is a two-edged sword. The information could have been used to increase the punishment or, just as easily, used to reduce the number of years to avoid excessive punishment. We cannot determine from the record which path the jury took and, with these alternatives, harm will not be presumed.

578 S.W.2d at 728; *see McGowan*, 664 S.W.2d at 358. As in *Haliburton* and *McGowan*, we will not presume appellant was harmed.

We overrule appellant's point of error and affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   February 13, 2008

Do Not Publish