In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00034-CR

                                                ______________________________

 

 

                                           ISAIAH
LUERA, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 276th
Judicial District Court

                                                            Marion County, Texas

                                                           Trial
Court No. F13868

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Isaiah
Luera appeals his conviction by a jury for two counts of aggravated sexual
assault of a child.  The State alleged,
on or about November 22, 2007, Luera penetrated both the sexual organ and anus
of R.C., a five-year-old girl, with his sexual organ.  The jury found Luera guilty.  During deliberations on punishment, the jury
sent the trial court a note which asked, “Will sentences be served
consecutively?”  The trial court in the
presence of the defendant, the defense counsel, and the prosecutor stated, “I’ve
answered simply, ‘No.’  Signed William R.
Porter, Judge Presiding.  Any objection?”  Defense counsel stated, “None from the
Defense.”  The jury assessed a sentence
of sixty years’ imprisonment for each count and the trial court sentenced Luera
consistent with the jury’s assessment. 

            Luera’s
sole issue on appeal is that the trial court’s response to the jury note “constituted
an improper supplemental jury charge that re-emphasized the impact of parole
law on any sentence assessed by the jury.”  In analyzing a jury charge complaint, our
review of the charge is under the Almanza
standard.  Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op.
on reh’g).  We first determine whether
error exists in the charge and, then, if there was error, whether sufficient
harm resulted from the error to compel reversal.  Ngo v.
State, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005).  The standard of review for errors in the jury
charge depends on whether the defendant properly objected.  Almanza,
686 S.W.2d at 171.  If a defendant does
not object to the charge, reversal is required only if the harm is so egregious
that the defendant has not had a fair and impartial trial.  Id.
 An affirmative denial of objection, as
in this case, “shall be deemed equivalent to a failure to object” for the
purposes of an Almanza review and, if
there was error in the jury charge, the error should be reviewed for egregious
harm.  See Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004); Hines v. State, 269 S.W.3d 209, 220
(Tex. App.––Texarkana 2008, pet. dism’d, untimely filed, pet. ref’d [2 pets.]).

            The
Texas Court of Criminal Appeals has held that a trial court does not err in
giving an additional instruction concerning whether sentences will run
concurrently.  Haliburton v. State, 578 S.W.2d 726, 729 (Tex. Crim. App. [Panel
Op.] 1979); Dickson v. State, 986
S.W.2d 799, 804 (Tex. App.––Waco 1999, pet. ref’d); see Gordon v. State, 633 S.W.2d 872, 879 (Tex. Crim. App. [Panel
Op.] 1982).  We note that unlike Haliburton, the sentences in this case
could have been consecutive.  The
sentences, though, were ultimately concurrent and there is no suggestion in the
record that anyone anticipated the sentences would be consecutive.  

            The
Texas Penal Code provides that sentences for aggravated sexual assault of a
child less than seventeen years of age may run concurrently or
consecutively.  Act of May 27, 2007, 80th
Leg., R.S., ch. 1291, § 6, 2007 Tex. Gen. Laws 4349, 4350 (amended 2009)
(current version at Tex. Penal Code Ann.
§ 3.03 (Vernon Supp. 2009)).[1]  We note the judgment does not specify whether
the sentences will run concurrently or consecutively.  The record does not contain any cumulation
order.  If a trial court does not
specifically order the sentences to run consecutively when sentence is
pronounced, the sentences automatically run concurrently.  Ex parte
Iglehart, 535 S.W.2d 185, 187 (Tex. Crim. App. 1976).  Therefore, the sentences will run
concurrently.  

            In
a memorandum opinion, the Austin Court of Appeals held there was no error in
instructing the jury the sentences would run concurrently.  Kincheon
v. State, No. 03-07-00180-CR, 2008 Tex. App. LEXIS 1130 (Tex. App.––Austin
Feb. 13, 2008, no pet.) (mem. op., not designated for publication) (three
counts aggravated sexual assault of a child and three counts of indecency with
a child).[2]  In Kincheon,
similar to this case, the sentences could have run consecutively or concurrently.  Id.  The trial court “advised the parties and
instructed the jury that the sentences would run concurrently and, indeed, that
is how appellant was sentenced.”  Id. at *4.  In this case, the trial court instructed the
jury without objection that the sentences would run concurrently and the
defendant was sentenced consistent with that instruction.  

            Luera
argues the trial court’s response “highlighted” the effect of “the parole law
charge to the detriment of the defendant.” 
Luera claims the response decreased the possibility of a lesser
sentence.  This is precisely the argument
rejected by the Texas Court of Criminal Appeals in Haliburton.  The court stated,
“The effect of appellant’s argument would exclude information from the jury
hoping that in their ignorance the jury would return a less severe punishment.”  Haliburton,
578 S.W.2d at 729.  Based on a policy
that “the law should require juries to make informed and intelligent decisions
based on every piece of information available,” a trial court does not abuse
its discretion in giving an additional instruction on whether the sentences
should run concurrently.  Id. at 729; see Dickson, 986 S.W.2d at 804.  We find the reasoning of Kincheon persuasive.  The
trial court did not err in giving the additional instruction to the jury under
the circumstances of this case.  

            Further,
even if the trial court erred, the record does not indicate there was egregious
harm.  If the jury charge error was not
preserved, reversal is not required unless “the error is so egregious and
created such harm that he ‘has not had a fair and impartial trial’--in short ‘egregious
harm.’” Almanza, 686 S.W.2d at 171; see Rudd v. State, 921 S.W.2d 370, 373
(Tex. App.––Texarkana 1996, pet. ref’d). 
“Egregious harm” consists of errors that affect the very basis of the
case or that deprive the defendant of a valuable right, vitally affect a
defensive theory, or make the case for conviction or punishment clearly and
significantly more persuasive.  Saunders v. State, 817 S.W.2d 688, 692
(Tex. Crim. App. 1991).  The degree of
harm demonstrated by an appellant must be actual, not merely theoretical.  Almanza,
686 S.W.2d at 174.  In Haliburton, the Texas Court of Criminal
Appeals reasoned:

Knowledge that the sentences would run
concurrently is a two-edged sword.  The
information could have been used to increase the punishment or, just as easily,
used to reduce the number of years to avoid excessive punishment.  We cannot determine from the record which path
the jury took and, with these alternatives, harm will not be presumed.

 

578 S.W.2d at 728; see McGowan v. State, 664 S.W.2d 355, 358
(Tex. Crim. App. 1984) (no harm). 
Although egregious harm is theoretically possible, the harm must be
actual.  Similar to Haliburton and McGowan,
we will not presume Luera suffered egregious harm.  We overrule Luera’s sole point of error.

            For the reasons stated, we affirm.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          July 15, 2010

Date Decided:             July 21, 2010

 

Do Not Publish

 











[1]This
statute was amended by the 81st Texas Legislature effective September 1,
2009.  Because the offenses were
committed prior to September 1, 2009, the version of Section 3.03 in effect at
the time of the offenses governs this case. 






[2]While
unpublished, or memorandum, opinions are not binding precedent, such opinions
may be considered as persuasive authority.