IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1169-09






LOUIS WAYNE TEETER, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


NUECES COUNTY





 Keller, P.J., filed a dissenting opinion in which Keasler and Hervey,
JJ., joined.


 The Court says that aggravated assault by threat requires proof that the defendant "intended
to cause an apprehension of imminent bodily injury." (1) Even if the Court is correct on this point,
aggravated assault by threat is not a lesser-included offense of attempted capital murder in this case
because the attempted capital murder charged here does not require that the defendant intend to cause
apprehension.

 According to the Court, aggravated assault by threat requires that the defendant intend for
the victim to perceive the threat, even though it does not require that the victim actually perceive the
threat. (2) Fair enough. But attempted capital murder--in the abstract or as pled in the indictment in
this case--does not require proof of such an intent. In the abstract, attempted capital murder
necessarily entails an intent to inflict imminent bodily injury. And as the Court says, the "act of
pointing a gun, with the intent to kill, is an expression of an intention to inflict imminent bodily
injury on the complainant." (3) But an intent to inflict imminent bodily injury is not the same as an
intent to cause an apprehension of imminent bodily injury. The would-be murderer may seek to kill
the victim without the victim ever knowing what hit him--e.g. a bullet to the back of the head. An
allegation that the defendant "pointed a gun" does not foreclose that possibility.

 In McGowan v. State, the Court addressed a scenario in which no threat occurred even though
the defendant intentionally inflicted bodily injury:

In Cause No. 65,965, it is undisputed that Mrs. Mack did not know what appellant
struck her with. Mrs. Mack was merely trying to pull her daughter away from
appellant. There is no evidence that prior to stabbing her appellant threatened her in
any way. She never saw appellant holding a knife nor did she testify that appellant
threatened her with a knife. Finally, the evidence shows that after appellant stabbed 
Mrs. Mack, he fled. Thus, we are constrained to hold that the evidence is insufficient
in Cause No. 65,965, to show aggravated assault by threats even though it shows
bodily injury. (4)


The result would not change if McGowan had failed in his attempt to stab Mrs. Mack, and the
charge had been attempted aggravated assault by threat. He still would not have possessed an intent
to create the apprehension of imminent bodily injury. 

 The evidence introduced at trial may well have shown that appellant intended to create an
apprehension of imminent bodily injury when he pointed a gun at the officer. But the attempted
capital murder count in the indictment did not require the State to prove that. Under our precedent,
it is the indictment, not the evidence at trial, that controls. (5)

 I respectfully dissent.

Filed: September 22, 2010

Do Not Publish
1. Court's op. at 12.
2. Incidentally, I disagree with the Court's discussion of Olivas v. State, 203 S.W3d 341 (Tex.
Crim. App. 2006). My understanding of Olivas is that the victim knew the defendant had threatened
her, but she thought he had thrown a rock at her car and did not know until later that the threat was
with a deadly weapon.
3. Court's op. at 12.
4. 664 S.W.2d 355, 357-58 (Tex. Crim. App. 1984).
5. Ex parte Watson, 306 S.W.3d 259, 271-72 (Tex. Crim. App. 2009) (discussing Hall v.
State, 225 S.W.3d 524 (Tex. Crim. App. 2007)).