

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1169-09

**LOUIS WAYNE TEETER, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### NUECES COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

The Court says that aggravated assault by threat requires proof that the defendant "intended to cause an apprehension of imminent bodily injury."[1]  Even if the Court is correct on this point, aggravated assault by threat is not a lesser-included offense of attempted capital murder in this case because the attempted capital murder charged here does not require that the defendant intend to cause apprehension.

According to the Court, aggravated assault by threat requires that the defendant intend for

---

[1] Court's op. at 12.

the victim to perceive the threat, even though it does not require that the victim actually perceive the threat.[2] Fair enough. But attempted capital murder—in the abstract or as pled in the indictment in this case—does not require proof of such an intent. In the abstract, attempted capital murder necessarily entails an intent to inflict imminent bodily injury. And as the Court says, the "act of pointing a gun, with the intent to kill, is an expression of an intention to inflict imminent bodily injury on the complainant."[3] But an intent to inflict imminent bodily injury is not the same as an intent to cause an apprehension of imminent bodily injury. The would-be murderer may seek to kill the victim without the victim ever knowing what hit him—e.g. a bullet to the back of the head. An allegation that the defendant "pointed a gun" does not foreclose that possibility.

In *McGowan v. State*, the Court addressed a scenario in which no threat occurred even though the defendant intentionally inflicted bodily injury:

> In Cause No. 65,965, it is undisputed that Mrs. Mack did not know what appellant struck her with. Mrs. Mack was merely trying to pull her daughter away from appellant. There is no evidence that prior to stabbing her appellant threatened her in any way. She never saw appellant holding a knife nor did she testify that appellant threatened her with a knife. Finally, the evidence shows that after appellant stabbed Mrs. Mack, he fled. Thus, we are constrained to hold that the evidence is insufficient in Cause No. 65,965, to show aggravated assault by threats even though it shows bodily injury.[4]

The result would not change if McGowan had failed in his attempt to stab Mrs. Mack, and the charge had been attempted aggravated assault by threat. He still would not have possessed an intent

---

[2] Incidentally, I disagree with the Court's discussion of *Olivas v. State*, 203 S.W.3d 341 (Tex. Crim. App. 2006). My understanding of *Olivas* is that the victim knew the defendant had threatened her, but she thought he had thrown a rock at her car and did not know until later that the threat was with a deadly weapon.

[3] Court's op. at 12.

[4] 664 S.W.2d 355, 357-58 (Tex. Crim. App. 1984).

to create the apprehension of imminent bodily injury.

The evidence introduced at trial may well have shown that appellant intended to create an apprehension of imminent bodily injury when he pointed a gun at the officer. But the attempted capital murder count in the indictment did not require the State to prove that. Under our precedent, it is the indictment, not the evidence at trial, that controls.[5]

I respectfully dissent.

Filed: September 22, 2010
Do Not Publish

---

[5] *Ex parte Watson*, 306 S.W.3d 259, 271-72 (Tex. Crim. App. 2009) (discussing *Hall v. State*, 225 S.W.3d 524 (Tex. Crim. App. 2007)).