**AFFIRMED; Opinion Filed August 5, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00917-CR

### MILTON GAFFORD, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1371212-T**

## MEMORANDUM OPINION

Before Chief Justice Wright, and Justices Myers and Evans
Opinion by Justice Evans

Milton Gafford appeals his conviction for the aggravated assault with a deadly weapon of

his girlfriend, Lillie Spencer. After the trial court found appellant guilty, it assessed punishment,

enhanced by a prior felony conviction, at ten years' confinement. In two issues, appellant

contends the evidence is legally insufficient to support his conviction. We resolve appellant's

issues against him and affirm the trial court's judgment.

### BACKGROUND

Elaine Bailey, Spencer's sister, testified that on the morning of the assault, she picked up

Spencer at her apartment to give her a ride to work. As Bailey was driving away from the

apartment, she passed a blue sedan in the lane next to her "swerving over toward" her car. The

car was "very close" two times, and Bailey thought it might hit her car. Bailey continued driving

and got onto U.S. 75, and the sedan pulled into a gas station. As Bailey continued on U.S. 75, she noticed the blue sedan behind her "right up to the rear." Bailey explained that the sedan was so close, it was like it was "in [her] back seat." Again, Bailey was concerned the sedan might hit her car. The sedan then pulled up along the passenger side of Bailey's car and swerved toward Bailey's car two or three times. Bailey had to swerve her car to avoid being hit, and at that point called 911. While Bailey was talking with the police, the sedan sped away. Bailey then exited U.S. 75 to go east on Interstate 30.

As Bailey and Spencer were passing the Fair Park exit, Bailey noticed the blue sedan was coming again and asked Spencer who was driving the car. Spencer told Bailey it was appellant, and that "he's not going to quit." According to Bailey, that was when things "really go[t] ugly. . . . [h]e was swerving . . . [and her] tires were squealing, trying to keep him from hitting [her]." Bailey said it was morning traffic, and "everybody was grouped together" and "going between 50 and 60" miles per hour. After about five minutes, appellant pulled ahead and stopped near an exit. Bailey stopped her car on the shoulder of the Interstate and confronted appellant because she felt that he had endangered her life. Appellant got out of the car, attempted to shake hands with Bailey, and told her he was not trying to kill her. At the same time, he and Spencer were yelling at one another, and appellant threw what Bailey thought was a water bottle at Spencer. Spencer threw the bottle back at appellant, and he "jump[ed] in the car and [sped] off." After discussing the situation, Bailey and Spencer decided to go the police station and report the incident. The police officer that took the report made a photograph of a scratch on Bailey's car that appellant caused by "easing to the side of the car."

Spencer testified she had been in a relationship with appellant for about six years, and she was living with him at the time of trial. Although appellant usually took her to work, on the morning of the incident she called her sister and asked for a ride because she was angry with

appellant. Spencer testified she did not think appellant was endangering her or her sister on the roadway that morning. She explained that going to the police was Bailey's idea and the statement she gave to the police was not accurate. She only gave the statement because she was angry with appellant about an earlier argument. She later contacted the District Attorney's office and signed an affidavit of non-prosecution.

After hearing this and other evidence, the trial court found appellant guilty. After a sentencing hearing, the trial court assessed punishment at ten years' in prison. This appeal followed.

## ANALYSIS

In two issues, appellant contends the evidence is insufficient to support his conviction for aggravated assault or that he used a motor vehicle as a deadly weapon. When reviewing a challenge to the sufficiency of the evidence, we examine all of the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (U.S. 1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Lucio*, 351 S.W.3d at 894. And, the trial court, as the trier of fact in a bench trial, is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Goodwin v. State*, 376 S.W.3d 259, 264 (Tex. App—Austin 2012, pet ref'd). Therefore, we presume the court resolved any conflicting inferences and issues of credibility in support of the judgment. *Id*.

To support appellant's conviction for aggravated assault with a deadly weapon, the State was required to prove beyond a reasonable doubt that appellant intentionally or knowingly

threatened Spencer with imminent bodily injury and that appellant used or exhibited a deadly weapon during the commission of the assault. *See* TEX. PENAL CODE ANN. §§ 22.001(a)(1); 22.02(a)(2) (West 2011 & Supp. 2014). A threat may be communicated by action or conduct as well as words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984).

A "deadly weapon" is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2014). A motor vehicle may become a deadly weapon if the manner of its use is capable of causing death or serious bodily injury. *See Drichas v. State,* 175 S.W.3d 795, 798 (Tex. Crim. App. 2005). Proof that a defendant possessed a specific intent to use a motor vehicle as a deadly weapon is not required. *Id.* Rather, it is the manner in which the vehicle was used, considering the surrounding circumstances, that dictate whether the vehicle is "capable" of causing death or serious bodily injury. *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). A deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner. *Drichas*, 175 S.W.3d at 799.

Viewed in the light most favorable to the verdict, the evidence shows that appellant followed Bailey and Spencer in his car for several miles. He swerved toward Bailey's car on several occasions in traffic on a four-lane street, a highway, and an interstate, causing her to swerve to keep him from hitting her car. Bailey testified that she thought her life was in danger because of appellant's driving, and called 911. While on Interstate 30, Bailey was driving in heavy traffic, going between 50 and 60 miles per hour. She and Spencer later reported the incident to the police. Although Spencer testified that the version of events she told the police immediately after the incident was not true, appellant was not driving as aggressively as portrayed by Bailey, and that Spencer was not afraid, the trial court was free to believe Bailey's

version of the events and disbelieve Spencer's testimony at trial. After reviewing the record, we conclude a reasonable fact finder could determine that appellant intentionally or knowingly threatened Spencer with imminent bodily injury and that appellant used his motor vehicle in a way that was capable of causing serious bodily injury or death. Thus, we conclude the evidence is legally sufficient to support appellant's conviction for aggravated assault and that he used a motor vehicle as a deadly weapon. We resolve appellant's two issues against him.

Accordingly, we affirm the trial court's judgment.


/David W. Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140917F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MILTON GAFFORD, Appellant

No. 05-14-00917-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1371212-T.
Opinion delivered by Justice Evans. Chief Justice Wright and Justice Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 5th day of August, 2015.