**Opinion filed August 23, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00219-CR
_____

## CATARINO YBARRA JR., Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**
**Midland County, Texas**
**Trial Court Cause No. CR46737**

## M E M O R A N D U M   O P I N I O N

Catarino Ybarra Jr. was charged by indictment with aggravated assault of a public servant by using a deadly weapon and evading arrest with a motor vehicle. He pleaded guilty to the charge of evading arrest. The jury convicted him of aggravated assault on a public servant and assessed his punishment at confinement for thirty-six years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant asserts that the evidence is legally insufficient to support his conviction for aggravated assault on a public servant. We affirm.

On February 25, 2016, Officer Derrick Whitefield of the Midland Police Department pursued Appellant through the city of Midland in his police vehicle after Appellant shoplifted items from a Kohl's in Midland. The pursuit lasted approximately fifteen minutes and covered more than eight miles. At one point during the pursuit, Appellant drove through a residential neighborhood on Joy Drive. He then made a left turn onto Pleasant Court and then another immediate left turn onto Pleasant Drive.

Sergeant Michael Chandler was in his patrol vehicle, parked on the left side (from Appellant's point of view) of Pleasant Drive. After Appellant turned onto that street, he headed straight toward Sergeant Chandler's vehicle and swerved away at the last second, barely avoiding a collision. Officer Whitefield testified that there were no obstacles in the road that would have caused Appellant to swerve toward Sergeant Chandler's vehicle. In Officer Whitefield's opinion, if Appellant had collided with Sergeant Chandler's vehicle, it would have caused bodily injury to Sergeant Chandler. Officer Whitefield further testified that Appellant did not lose control of his vehicle, but Officer Whitefield acknowledged that Appellant was driving recklessly throughout the pursuit.

Sergeant Chandler testified that he drove to Pleasant Drive in order to deploy "stop sticks" onto the road in an attempt to deflate Appellant's tires. However, as Sergeant Chandler put his vehicle in park, he immediately noticed Appellant coming around the corner toward him. Sergeant Chandler remained in his vehicle and braced himself for impact, but Appellant avoided colliding with him at the last instant. Sergeant Chandler testified that there were no obstructions that would cause Appellant to swerve toward him and that he did not have the opportunity to place the stop sticks on the road. Sergeant Chandler believed that Appellant was going to hit him and that he would have been injured if impact had occurred.

We review the sufficiency of the evidence, whether denominated as a legal or a factual sufficiency claim, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

To sustain a conviction for aggravated assault of a public servant by threat, the evidence must demonstrate that (1) the person intentionally or knowingly threatened another with imminent bodily injury, (2) the person used or exhibited a deadly weapon during the commission of the assault, and (3) the offense was committed against a person the actor knew was a public servant while the public servant was lawfully discharging an official duty. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing TEX. PENAL CODE ANN. §§ 22.01(a)(2), 22.02(a)(2), (b)(2)(B)). The indictment charged that Appellant intentionally and knowingly threatened Sergeant Chandler with imminent bodily injury and that he used and exhibited a deadly weapon in the form of an automobile during the commission of the assault on a public servant who was discharging an official duty.

Appellant contends that there is insufficient evidence to support his conviction because (1) there is insufficient evidence that Appellant acted with knowledge or intent and (2) there is insufficient evidence that Appellant exhibited or used a deadly weapon. A defendant's intent or knowledge is a question of fact, which is determined from the totality of the circumstances. *Smith v. State*, 965 S.W.2d 509, 518 (Tex. Crim. App. 1998); *Dobbins v. State*, 228 S.W.3d 761, 764 (Tex. App.—Houston [14th Dist.] 2007, pet. dism'd). "A person acts intentionally, or with intent,

with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." PENAL § 6.03(a) (West 2011). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id.* § 6.03(b).

Threats may be communicated by action, conduct, or words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984). The jury may infer intent or knowledge from the accused's acts, words, and conduct at the time of the offense. *See Dues v. State*, 634 S.W.2d 304, 305 (Tex. Crim. App. [Panel Op.] 1982). The State can prove a defendant's knowledge or intent without evidence of threatening language or gestures, and the jury may infer the existence of either mental state from any facts tending to prove its existence, including the defendant's acts, words, and conduct. *Dobbins*, 228 S.W.3d at 765.

Sergeant Chandler arrived at Pleasant Drive shortly before Appellant turned onto Pleasant Drive. Arriving from the opposite direction, Sergeant Chandler pulled over to the left-side curb of Pleasant Drive (from Appellant's point of view) in order to get out of his vehicle to deploy the stop sticks. There were at least three car-widths to the right of Sergeant Chandler's patrol car because there were not any cars parked on the right-side curb. Despite the ample amount of space for Appellant to drive around the right side of Sergeant Chandler's patrol car, Appellant drove straight at Sergeant Chandler's patrol car on the left side of Pleasant Drive before whipping over immediately prior to the point of impact.

Viewing the evidence in a light most favorable to the verdict, we conclude that a rational jury could reasonably infer from Appellant's conduct that he intentionally and knowingly threatened Sergeant Chandler by driving straight at Sergeant Chandler's patrol car when Appellant had at least three car-widths to drive to the right of the patrol car. Even if Appellant did not intentionally threaten

4

Sergeant Chandler by the use of his motor vehicle, the jury could infer that Appellant was aware his conduct was reasonably certain to cause a threat of imminent bodily injury because of the manner in which Appellant operated his automobile. *See Martinez v. State*, No. 08-01-00358-CR, 2003 WL 21710757, at \*5 (Tex. App.—El Paso July 24, 2003, no pet.) (not designated for publication) (concluding that a rational jury could reasonably infer from the defendant's conduct that he intentionally and knowingly threatened an officer by driving straight toward the officer while the officer was standing approximately twenty feet in front of the defendant's vehicle and ordering the defendant to desist and that, even if the defendant did not intentionally threaten the officer by use of his motor vehicle, the jury could infer that the defendant was aware that his conduct was reasonably certain to cause a threat of imminent bodily injury).

With respect to the deadly weapon component of the offense, "[a]n automobile is not 'manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury[,]' [b]ut it may, 'in the manner of its use or intended use [be] capable of causing death or serious bodily injury.'" *Moore v. State*, 520 S.W.3d 906, 908 (Tex. Crim. App. 2017) (fourth alteration in original) (quoting PENAL § 1.07(a)(17) (West Supp. 2017)). To justify a deadly weapon finding under Section 1.07(a)(17)(B), the State need not establish that the use or intended use of an implement actually caused death or serious bodily injury—only that "the manner" in which it was either used or intended to be used was "capable" of causing death or serious bodily injury. *Id.* (citing *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008)).

Evidence will support a deadly weapon determination with respect to the use of an automobile if a rational factfinder could infer that the defendant was using his motor vehicle in a manner that was capable of causing death or serious bodily injury, even though it did not do so, and regardless of whether he intended it to. *Id.* at 913.

5

The focus is on the question of actual danger to others versus "a hypothetical potential for danger." *Id.* at 909, 913 (quoting *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001)).

In this case, we focus on Appellant's driving at the time he approached Sergeant Chandler's patrol car. Appellant drove on the wrong side of the road as he approached Sergeant Chandler's patrol car. The Texas Court of Criminal Appeals noted in *Drichas v. State* that driving on the wrong side of the road evidences actual endangerment in the manner in which the operator drives an automobile. 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *see Moore*, 520 S.W.3d at 909–10 (discussing *Drichas*). Not only did Appellant drive on the wrong side of the road, he also drove toward a vehicle occupied by a person that had just stopped there. This was not a situation where a driver momentarily crossed the center line of a highway with very few other cars on the road—as was the case in *Brister v. State*. 449 S.W.3d 490 (Tex. Crim. App. 2014); *see Moore*, 520 S.W.3d at 910 (discussing *Brister*). Based on this evidence, we conclude that a rational factfinder could infer that Appellant used his motor vehicle in a manner that was capable of causing death or serious bodily injury. We overrule Appellant's sole issue on appeal.

We affirm the judgments of the trial court.

August 23, 2018                                           JIM R. WRIGHT

Do not publish. *See* TEX. R. APP. P. 47.2(b).          SENIOR CHIEF JUSTICE

Panel consists of: Bailey, J.; Gray, C.J.,
10th Court of Appeals[1]; and Wright, S.C.J.[2]

Willson, J., not participating.

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.