Ronnie E. MATTHEWS, Appellant,

v.

The STATE of Texas, Appellee.

No. 57203.

Court of Criminal Appeals of Texas, Panel No. 1.

April 11, 1979.

Rehearing En Banc Denied July 11, 1979.

Roy Beene, Houston, for appellant.

W. T. McDonald, Jr., Dist. Atty. and W. W. Torrey, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for resisting arrest. V.T.C.A. Penal Code, Sec. 38.03. Punishment was assessed at sixty days' imprisonment and a $1,000 fine, both probated.

Appellant was indicted for aggravated assault upon a peace officer, a third degree felony. V.T.C.A. Penal Code, Sec. 22.02. After a trial in district court he was convicted of the lesser included Class A misdemeanor.

Appellant's sole contention is that the trial court erred in its application of the law to the facts regarding his claim of self-defense.

The record reflects that appellant made written objections to that portion of the charge. In the body of these written objections it is recited that they were made on May 17, 1977, at 3:15 p. m. The district clerk's file mark shows that the objections were filed on May 18, 1977, at 8:40 a. m. The docket sheet reflects the following:

"5/18/77—Charge prepared and objections made by def. Charge read to jury. Torrey argues for State. Cofer argues for def. McDonald closes for State. Jury begins deliberations at 11:15 a. m. . . . "

There is no notation on appellant's objections regarding the trial court's ruling, nor does the transcription of the court reporter's notes reveal any ruling by the trial court. In light of the state of the record, we must first determine whether this ground of error has properly been preserved for our review.

Article 36.14, V.A.C.C.P., as pertinent to our discussion here, provides that:

"Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided. The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of and with the consent of the court, before the reading of the court's charge to the jury, and are subsequently transcribed, endorsed with the court's ruling and official signature, and filed with the clerk in time to be included in the transcript. Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any amendment or modification thereof. In no event shall it be necessary for the defendant to except to the action of the court in over-ruling defendant's exceptions or objections to the charge."

We initially note that the statute specifically provides that compliance with its provisions is the only prerequisite to review of objections made to a jury charge. Although one portion of the statute directs that the objections shall be endorsed with the court's ruling and signature, this portion deals only with objections dictated to the court reporter and later reduced to writing.

The record in the present case reflects that the objections were made in writing and presented to the trial court before the charge was read to the jury. This is sufficient to preserve the ground for our review.

■ Paragraph 10 of the court's charge set out the law of self-defense as applicable in this case. Paragraph 10 reads as follows:

"The use of force against another is not justified to resist an arrest that that [sic] the Defendant knows is being made by a peace officer, even though the arrest might be unlawful, unless the resistance is justified under the following circumstances:

"The use of force to resist an arrest is justified:

"a. If, before the Defendant offers any resistance, the peace officer uses or attempts to use greater force than necessary to make the arrest; and

"b. when and to the degree the Defendant reasonably believes the force is immediately necessary to protect himself against the peace officer's use or attempted use of greater force than necessary.

"Now, therefore, if you believe from the evidence beyond a reasonable doubt that the Defendant resisted an arrest that the Defendant knew was being made by a peace officer, even though the arrest was unlawful, you will find against the Defendant's claim of self defense; unless you further find, or have a reasonable doubt thereof, that before the Defendant offered any resistance, *the peace officer or person acting at his direction used or attempted to use greater force than necessary to make the arrest,* and if you further find, or have a reasonable doubt thereof, that the Defendant reasonably believed that force when and to the degree used, if it was, *was immediately necessary to protect himself against the peace officer's use of greater force than necessary,* as viewed from the Defendant's standpoint alone at the time, then you will acquit the Defendant of the offense of resisting arrest; or, if you have a reasonable doubt as to such state of facts, then you will acquit the Defendant and say by your verdict not guilty." [Emphasis supplied.]

The appellant objected to this charge as follows:

"The Defendant objects to Paragraph 10 of the Court's charge because the same does not apply the facts and evidence of RONNIE AKINS' particiation in the incident as being a person acting in a peace officer's presence and at his direction, since it was through and by the action of the witness Akins that force was applied to the Defendant."

The record reflects that Ronnie Akins had been summoned by the arresting officers to assist in subduing the appellant. Appellant testified that Akins had immediately started hitting him on the head with a nightstick. According to the appellant, his resistance was the result of attempting to avoid being struck in the head by Akins.

V.T.C.A. Penal Code, Sec. 9.31(c), as pertinent here, provides:

"(c) The use of force to resist an arrest or search is justified:

"(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

"(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary."

The court's charge first instructs correctly on the law as contained in Sec. 9.31(c)(1), supra. The instruction omits, however, mention of the "other person" when charging on the law as set out in Sec. 9.31(c)(2), supra. Thus, the charge limited the appellant's self-defense to a response to the peace officer's use of force only.

In *McCuin v. State,* 505 S.W.2d 831, this Court reviewed the similar situation of a charge on self-defense in a case where the defendant claimed to have been attacked by multiple assailants. The Court found that it was error to limit the charge on self-defense to the acts of a single assailant when the evidence shows that others were involved in the alleged attack on the defendant. The Court concluded that such a charge unduly limited the jury's consideration of self-defense, and reversed the case.

We find that the charge in the present case unduly limited the jury's consideration of appellant's claim of self-defense to the actions of the peace officer alone.

The judgment is reversed and the cause remanded.