Elbert **MISNER**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 65405.

Court of Criminal Appeals of Texas, Panel 3.

Jan. 21, 1981.

---

1. V.T.C.A.Penal Code Sec. 29.02(a)(2).

2. V.T.C.A.Penal Code Sec. 29.03(a)(2).

3. V.T.C.A.Penal Code Sec. 29.02(a)(1).

4. V.T.C.A.Penal Code Sec. 29.03(a)(1).

Don W. King, Jr., Glenn B. Lacy, San Antonio, for appellant.

Bill M. White, Dist. Atty., and Dick Ryman, Roy Barrera and Monica L. Donahue, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS and ODOM, JJ.

## OPINION

ROBERTS, Judge.

On September 15, 1977, the appellant and Carl Byrom entered the Cottage Drive-In in San Antonio. Finding the complaining witness Jackie Arthur inside the establishment, Byrom pulled a shotgun from under his shirt and fired at Arthur, severely wounding him in the arm. The appellant was charged with attempting to cause the death of Arthur by shooting him, found guilty by a jury, and sentenced to fifteen years' confinement. His conviction rests solely upon proof that he was a party to the alleged offense. V.T.C.A., Penal Code, Sec. 7.01.

The appellant contends that the trial court's failure to submit the law of self-defense to the jury in response to his timely objection to the charge was error. Since he was guilty only as a party to the offense committed by Byrom, the appellant was entitled to a charge on self-defense if there was evidence that would have entitled By-

rom to the requested charge. The State cannot rely upon the law of parties to sustain a conviction and then deny that the appellant was entitled to a charge on self-defense under the same principle of law. *Roberson v. State*, 479 S.W.2d 931 (Tex.Cr. App.1972).

With respect to the issue of self-defense, Byrom testified that a couple of weeks prior to the shooting he, Arthur and the appellant had been involved in a fight in which Arthur was stabbed. Byrom and the appellant went to the Cottage Drive-In on the night of the offense to talk to Arthur because Byrom had heard that Arthur was going to shoot him for the "cutting." As to what happened after he and the appellant arrived at the Cottage Drive-In, Byrom offered the following testimony:

"A. [W]hen I walked in the door I thought he was, he had a pistol, so I shot him.

\* \* \* \* \* \*

"Q. [D]id you have any reason to fear him?

"A. I had heard from different people he was supposed to be a pretty bad dude and he would shoot you without hesitation and things like that.

\* \* \* \* \* \*

"Q. [W]hat was it exactly that Jackie was doing and what did you observe or hear that made you think he was going for a gun?

"A. Well, when I walked in and he seen us he come off the bar and went for the middle of his back and at the same time that waitress was working there, she hollered, 'Jackie, no.' When he went for the middle of his back I presumed that he was going for a gun."

In determining whether the evidence raised the justification of self-defense so as to require an instruction to the jury, the truth of the testimony presented is not an issue. "A defendant is entitled to an affirmative defensive instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached,

or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief." *Warren v. State*, 565 S.W.2d 931, 933–934 (Tex.Cr.App.1978). We cannot say, as the State contends, that as a matter of law there was no evidence of force threatened or attempted by the complaining witness. That would depend on the truth of Byrom's testimony and his reasonable belief that Arthur was "going for a gun." Those questions were for the jury.

We are of the opinion that Byrom would have been entitled to have a jury instructed on the law of self-defense. Accordingly the appellant, who was guilty only as a party to the offense committed by Byrom, was also entitled to the requested instruction. The trial court's failure to charge the jury on the law of self-defense constituted reversible error.

The judgment is reversed and the cause is remanded.