**McClel BENJAMIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 61062, 61063.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

---

* The appellant's further contention that the State was not justified in making a warrantless arrest because there was sufficient time in which to obtain a warrant is without merit.

Bill Roberts, Dallas, for appellant.

Henry Wade, Dist. Atty., and Maridell Templeton, and Rider Scott, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

These are appeals from convictions for the offenses of murder and aggravated assault. The punishment is imprisonment for twelve years and two years, respectively.

The appellant in two grounds of error contends that the evidence is insufficient to support the conviction for the offense of murder. The appellant argues that the evidence shows the appellant acted in self-defense and that he acted "under the immediate influence of sudden passion arising from an adequate cause." See V.T.C.A. Penal Code, Sec. 19.04.

The evidence, reviewed in a light most favorable to the verdict, reveals that the appellant was unloading a truck. The deceased approached the appellant and argued with the appellant, urging him to walk outside and settle the matter. The appellant went into the dock loading area and put on his shirt and placed a handgun under his belt. The appellant then returned into the truck trailer. The deceased returned, picked up a meat hook and stepped into the trailer. The two argued further and then the deceased came out from the trailer and put the meat hook back. He then looked over his shoulder and started to run. The appellant emerged from the trailer and started to chase the deceased. He fired four shots at the deceased and then left. A bystander, Owen McLemore, was also struck by a bullet.

The appellant testified to substantially the account given above by other witnesses. He added that when the deceased first approached him, the deceased had a pocket knife and threatened to kill him. He stated that when the deceased subsequently approached him with the meat hook in the trailer, the deceased again threatened to kill him. The appellant stated that the deceased blocked the only way out of the trailer and that as the appellant tried to leave, he fired one shot. The deceased continued to approach him and he fired again.

We conclude the evidence is sufficient to support the conviction for the offense of murder. The trier of fact was free to accept or reject all or a portion of the testimony of any of the witnesses. *Limuel v. State*, 568 S.W.2d 309 (Tex.Cr.App.1978). The trier of fact apparently chose not to accept the appellant's version of the shooting.

The appellant's conviction in Cause No. F78–7228–M for the offense of murder is affirmed.

■ In the interest of justice, we now address an unassigned error in the appeal of the conviction of aggravated assault in Cause No. F78–6646–IM. In this case the indictment alleged that the appellant did:

"intentionally and knowingly use a deadly weapon, to-wit: a pistol, to threaten Owen McLemore, with imminent bodily injury by use of the said deadly weapon."

The evidence reveals that Owen McLemore was a bystander who was struck by a stray bullet causing bodily injury. The evidence fails to establish that any threats were made. The evidence indicates that the appellant committed aggravated assault by causing bodily injury by using a deadly weapon. See V.T.C.A. Penal Code, Secs. 22.01(a)(1) and 22.02(a)(3). However, the indictment alleges that the appellant committed aggravated assault by threatening Owen McLemore with imminent bodily injury by using a deadly weapon. See V.T.C.A. Penal Code, Secs. 22.01(a)(2) and 22.-02(a)(3). The evidence reveals no threats and we must reverse the judgment because the evidence does not support the conviction as alleged in the indictment. *Mitchell v. State*, 543 S.W.2d 637 (Tex.Cr.App.1976).

The judgment in Cause No. F78–6646–IM is reversed and the cause remanded; and the indictment ordered dismissed.

The judgment in Cause No. F78–7228–M is affirmed.