Dennis Obed HORN, Appellant,

v.

The STATE of Texas, Appellee.

No. 63527.

Court of Criminal Appeals of Texas,
Panel No. 1.

March 23, 1983.

Jimmy Phillips, Jr., Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, and Ira Jones, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS and W.C. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for aggravated assault. V.T.C.A. Penal Code, Sec. 22.02. The jury found appellant guilty and after finding he had been twice convicted of prior felonies, the court assessed punishment at life.

While we reverse this cause because of the trial court's failure to respond to a timely objection to the charge, we first address appellant's contention that the evidence is insufficient to support the conviction. See *Burks v. United States,* 437 U.S.

1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The indictment against appellant alleged "he did intentionally and knowingly *threaten* imminent bodily injury to Clyde J. Lester with the use of a deadly weapon, namely, a knife." (Emphasis Added.) Appellant contends there is no evidence that he threatened complainant with a knife.

Clyde Lester, the complainant, testified that on July 11, 1977 he and his family were returning home from having dinner at a restaurant in Houston. Clyde was riding in a car with his son Ralph Lester and both were accompanied by their wives. At a location in the 2800 block of the South Loop East the automobile in which they were driving was overtaken by another car driven by Clyde's second son, Fred Lester. Clyde testified his son Fred was being chased by a van whose occupants had thrown beer cans at his car. Clyde then observed the van overtake Fred's car and run into the side of the car. The van also struck the car in which Clyde was a passenger. Both of the Lester cars then began chasing the van. After a pursuit which included trips on and off the freeway the van stopped beside the freeway guardrail and Ralph and Fred pulled their cars in back and front of the van. Clyde attempted to see the license number of the van. Ralph left the car and walked to the front of the van to inquire if his brother Fred was all right. After Ralph did not return, Clyde also left the car to investigate. He observed the appellant and appellant's brother wrestling with his sons on the ground. Clyde climbed over the guardrail and approached appellant. Appellant chased Clyde back to the guardrail. Clyde was hit repeatedly by the appellant, and suffered stab wounds in the ear, back, and arm. Clyde stated he did not know at the time that the blows were inflicted with a knife, though he did see an object in appellant's hand while he was being hit. Clyde stated he did not provoke the appellant's attack, nor did he attempt to defend himself with a weapon of any kind. His only response to appellant's attack was to say "Oh, my God, why are you doing this to me?" The appellant and his brother then fled. Clyde was hospitalized for a week as a result of the stab wounds.

Fred, Clyde's son, also testified. He explained how the van's occupants had thrown beer cans at his car and how the high speed chase on the southwest freeway ensued. Fred witnessed the appellant attack both Ralph and his father Clyde. Fred also suffered multiple stab wounds. Fred testified, however, that it was appellant's brother rather than appellant who stabbed him.

Alvin Grant, Allen Mable and Marcella Charles all testified that they were passing motorists who stopped at the scene when they saw what appeared to be an accident. They witnessed the fight between the occupants of the van and the Lesters. All of the witnesses saw appellant cut Clyde with a knife.

Grant saw appellant "flick" at Clyde and, "it ended up, the older man ended up with his ear being cut." Grant also testified that appellant swung at Clyde.

Mable testified that appellant "grinched his teeth" at Mable to keep him back. Clyde, "run back and started kicking at Dennis Horn to try to, you know, stop what he was doing." Horn, "hit at him, and he cut back here." Mable also testified that appellant swung at Clyde, and, "nipped at him and cut him in the back."

Charles saw appellant grab Clyde and toss him against the guardrail. Clyde, "come off and he was stuck in the back."

Appellant and his brother Larry both testified that only Larry had a knife and stabbed people on the night in question.

Appellant and Larry both feared for their lives and fought the Lesters only in self-defense.

It is well established that threats can be conveyed in more varied ways than merely a verbal manner. *Church v. State,* 552 S.W.2d 138 (Tex.Cr.App.1977). A threat can be communicated by action or conduct as well as words. *Berry v. State,* 579 S.W.2d 487 (Tex.Cr.App.1979); *Seaton v. State,* 564 S.W.2d 721 (Tex.Cr.App.1978); *Blount v. State,* 542 S.W.2d 164 (Tex.Cr. App.1976).

In the instant case, there was testimony that appellant swung, hit, knicked, flicked, and nipped at the complainant and chased him to the guardrail while holding a knife. This was sufficient to prove a threat of imminent bodily injury with a deadly weapon. The complainant was stabbed by appellant, but this does not mean he could not have also been threatened.

This case is distinguishable from *Benjamin v. State*, 621 S.W.2d 617 (Tex.Cr.App. 1981) and *Mitchell v. State*, 543 S.W.2d 637 (Tex.Cr.App.1976). In *Benjamin* we found no evidence of threat, but there the victim was an innocent bystander struck by a bullet intended for another. In *Mitchell*, the appellant pled guilty and stipulated only to causing serious bodily injury to the appellant. Here, by way of contrast, appellant's actions both threatened the complainant with imminent bodily injury and caused such injury. Appellant's tenth ground of error is overruled.

In his first ground of error, appellant complains that the trial court should have instructed the jury on the law of self-defense from multiple assailants. Appellant made a timely objection to the court's charge.

It is uncontested that when the appellant's van stopped on the South Loop, Ralph and Fred had been chasing it in their respective autos. It is also uncontested that Ralph and Fred boxed in the appellant's van by parking on each end of it. No witness denied the testimony of appellant, his brother, and his half-brother, that Ralph and Fred chased the occupants of the van over the guardrail and onto the other side of South Loop East.

Some witnesses testified that Clyde kicked appellant before appellant attacked him, and it is undisputed that shortly after appellant and his brother began fighting with Ralph and Fred, Clyde approached appellant in an effort to aid Ralph.

Both appellant and his brother testified to fearing for their lives. Larry testified that he used his knife on all of his attackers. He stated that his attackers broke his nose and hit him in the face at least three times before he took his knife out. His attackers were hitting him with something flexible. Appellant admitted to hitting and fighting with his attackers who he characterized as being, "insane with fury." They were kicking him severely in the head, as well as on the side of his head and his ribs. They cut his chin and closed one eye.

Thus, at least some testimony showed an attack by multiple assailants. Appellant was entitled to a charge on self-defense as it relates to multiple assailants. *Sanders v. State*, 632 S.W.2d 346 (Tex.Cr.App.1982); *Matthews v. State*, 582 S.W.2d 832 (Tex.Cr. App.1979); *McCuin v. State*, 505 S.W.2d 831 (Tex.Cr.App.1974); *Black v. State*, 65 Tex. Cr.R. 336, 145 S.W. 944.

The State contends that appellant waived his right to such a charge by testifying that he had no knife.

This argument ignores the testimony of several witnesses that appellant did possess and use a knife. Even if the jury did not believe that appellant had no knife, it could have believed his self-defense argument. In fact, he was given a charge on self-defense as it related to the complainant alone. Further, there was a charge on the lesser included offense of assault and appellant's theory of self-defense against multiple actors was relevant to that offense irrespective of whether he used a knife. Finally, an instruction on the law of parties was given. Since appellant's brother did testify to using a knife against multiple assailants and appellant could have been convicted as a party, appellant was entitled on that ground alone to his requested charge. *Misner v. State*, 610 S.W.2d 502 (Tex.Cr.App. 1981).

The judgment is reversed and the cause is remanded.