**Opinion filed November 8, 2018**



In The

# Eleventh Court of Appeals

———————

## No. 11-16-00255-CR

———————

### SHANNON DAY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR46225**

### MEMORANDUM OPINION

The jury acquitted Shannon Day of the offense of aggravated assault as charged in Count I of the indictment and convicted him of the lesser included offense of deadly conduct. The jury assessed his punishment at confinement for 365 days in the Midland County Jail. The jury also found him guilty of the offense of aggravated assault with a deadly weapon as charged in Count II of the indictment and assessed his punishment at confinement for thirty-five years. The trial court

sentenced him accordingly. Although represented at trial by appointed counsel, after the required hearing and appropriate warnings about the dangers and disadvantages of representing himself, Appellant has exercised his right of self-representation in this appeal. In six issues on appeal, Appellant contends that (1) his constitutional rights were violated when he was arrested without a warrant and without probable cause, (2) his convictions violate his right against double jeopardy, (3) the indictment was defective, (4) the State failed to comply with a court order to give Appellant favorable evidence and extraneous offense evidence, (5) the evidence was insufficient to support his convictions, and (6) the trial court abused its discretion when it denied Appellant's request for a mistrial after a juror used his phone during the trial. We affirm.

Appellant rented a room in his house to Samuel Batson and Nirvana Scholl. After Batson and Scholl went to bed the day after they moved in, they were awakened around 3:30 a.m. when they heard someone screaming. When Batson opened the door, Appellant screamed "I'll f-----g kill you. Shut off the house shaker." Appellant held an axe above his head "like he's coming down, like, to chop wood." Batson shut the door. Batson stayed by the door, and Scholl called the police.

Four officers responded to a 9-1-1 "disturbance with weapons" call from Scholl. Deputy Matthew Nichols and Deputy Jerry Cook of the Midland County Sheriff's Department testified that, when they arrived, Appellant acted evasive and would not maintain eye contact. They told Appellant that they were responding to a 9-1-1 call in which the caller alleged that someone made a threat and used an axe in the course of the threat. So that they could continue to investigate, the officers handcuffed Appellant and placed him in the backseat of a patrol car. The patrol car was equipped with audio and visual recording devices.

The deputies talked to Batson and Scholl; they appeared to be scared, but they were neither intoxicated nor unstable. Batson and Scholl described the weapon as an axe with a brown wooden handle and metal top. The officers found an axe in the dirt outside a bedroom window. Batson identified the axe as the weapon that Appellant used in the assault.

In his first issue, Appellant contends that his constitutional rights were violated when the officers arrested him without a warrant and without probable cause. We disagree.

Deputy Nichols testified that he decided to arrest Appellant for two offenses of aggravated assault because of the weapon that he exhibited, the threat that he made, his use of the weapon in the course of the threat, and Batson's and Scholl's statements that they feared for their lives at the time that Appellant made the threat. Appellant never lodged a complaint with the trial court about his arrest or about the violation of any of his constitutional rights during the course of his arrest.

A "point of error on appeal must comport with the objection made at trial." *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). A complaint is preserved for appeal if it was made to the trial court "by a timely request, objection or motion" that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009) (quoting TEX. R. APP. P. 33.1(a)(1)(A)). The purpose of this requirement is (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it and (2) to give opposing counsel the opportunity to respond to the complaint. *Id.* Although there are no technical considerations or forms of words required to preserve an error for appeal, a party must be specific enough so as to "let the trial judge know what he wants, why he thinks himself entitled to it, and do so clearly

enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Id.* at 312–13 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)).

We conclude that Appellant did not preserve the complaint that his constitutional rights were violated when he was arrested without probable cause. Appellant did not apprise the trial court of this complaint at a time when it was in a position to grant relief, and he never sought any relief from the trial court. As a result, Appellant did not preserve this issue for appellate review. We overrule Appellant's first issue on appeal.

In his second issue, Appellant contends that the State charged him with the same crime twice and that, therefore, "[t]his is Double Jeopardy." We disagree.

Appellant did not raise a double jeopardy objection before trial, at trial, or when the court sentenced him. Because Appellant did not raise the issue of double jeopardy at trial, we must first determine whether Appellant preserved this issue for our review. Generally, a double jeopardy claim must be raised in the trial court to preserve the error for appellate review. *Gonzalez v. State*, 8 S.W.3d 640, 642 (Tex. Crim. App. 2000); *Honeycutt v. State*, 82 S.W.3d 545, 547 (Tex. App.—San Antonio 2002, pet. ref'd). Due to the fundamental importance of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal when the double jeopardy violation is clearly apparent on the face of the record and when enforcement of the usual rules of procedural default serves no legitimate purpose. *Gonzalez*, 8 S.W.3d at 643; *Honeycutt*, 82 S.W.3d at 547.

The Fifth Amendment of the United States Constitution and Article I, section 14 of the Texas constitution both provide separate protections against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by*

4

*Alabama v. Smith*, 490 U.S. 794 (1989); *Ex parte Milner*, 394 S.W.3d 502, 506 (Tex. Crim. App. 2013); *see* U.S. CONST. amend. V. Because Appellant only had one trial, his right to be free from multiple trials for the same offense are not implicated. Only the protection against multiple punishments is involved in this case.

The protection against double jeopardy is inapplicable where separate and distinct offenses occur in the same transaction. *Spradling v. State*, 773 S.W.2d 553, 556 (Tex. Crim. App. 1989) (citing *Jones v. State*, 514 S.W.2d 255 (Tex. Crim. App. 1974); *Ward v. State*, 185 S.W.2d 577 (Tex. Crim. App. 1945)). If each alleged violation of the statute was a separate "allowable unit of prosecution," Appellant's double jeopardy rights were not violated. *Ex parte Hawkins*, 6 S.W.3d 554, 558–59 (Tex. Crim. App. 1999). For assaultive offenses, the allowable unit of prosecution is each victim. *Id.* at 560. When a defendant, by a single physical act, assaults or kills two or more persons, the double jeopardy clause does not bar separate prosecutions for each victim assaulted or killed. U.S. CONST. amend. V; *Spradling*, 773 S.W.2d at 556.

Here, the record on its face does not show that a double jeopardy violation occurred. In the indictment, the State alleged that Appellant assaulted two different victims at the same time and at the same place. Because the double jeopardy clause does not bar separate prosecutions for a defendant who assaults two or more persons in a single physical act, no double jeopardy violations appear on the face of the record.

Furthermore, there was no violation of Appellant's double jeopardy rights. The protection against double jeopardy for two assault-type offenses that occur in the same transaction is inapplicable if each alleged violation was against a different victim. *Id.* at 556. The jury convicted Appellant of two assaultive offenses, deadly conduct and assault with a deadly weapon. The jury convicted Appellant of deadly conduct as to Scholl and of aggravated assault with a deadly weapon as to Batson.

Because the jury convicted Appellant of two assaultive offenses against two different victims, there was no double jeopardy violation. We overrule Appellant's second issue on appeal.

In his third issue, Appellant contends that the indictment was defective. We disagree.

The indictment contains allegations that separate offenses took place on or about November 3, 2015. In the first count, the State alleged that Appellant "did then and there intentionally and knowingly threaten NIRVANA SCHOLL with imminent bodily injury" and "use[d] and exhibit[ed] a deadly weapon, to-wit: AN AXE, during the commission of the said assault." In the second count, the State charged that Appellant "did then and there intentionally and knowingly threaten SAMUEL BRATSON[1] with imminent bodily injury" and "use[d] and exhibit[ed] a deadly weapon, to-wit: AN AXE, during the commission of the said assault." Appellant did not object to the indictment before trial or at any other point at the trial court level.

A defendant must object to a defect, error, or irregularity of form or substance in an indictment before trial; otherwise, he waives all but jurisdictional defects. TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005); *Dennis v. State*, 647 S.W.2d 275, 278 (Tex. Crim. App. 1983) (citing *Trevino v. State*, 519 S.W.2d 864 (Tex. Crim. App. 1975)). "A jurisdictional defect in an indictment is a defect which renders the indictment insufficient in that it fails to allege the constituent elements of the offense." *Dennis*, 647 S.W.2d at 278–79 (quoting *Seaton v. State*, 564 S.W.2d 721, 726 (Tex. Crim. App. 1978)).

---

[1]After the State closed, Appellant moved for an instructed verdict based on the misspelling of Batson's name in the indictment. Appellant did not object to this misspelling before trial and did not move to quash the indictment on these grounds.

Appellant's indictment reflects that it was filed with the Midland County district clerk and signed by the grand jury foreman of the 441st District Court. In the indictment, the State charged Appellant with two counts of aggravated assault. Appellant does not argue on appeal that the indictment failed to allege the constituent elements of this offense. Therefore, the indictment was properly presented to vest the 441st District Court with jurisdiction of Appellant's case. To avoid waiver, Appellant had to object to the indictment in the trial court. Appellant did not assert these alleged defects in the trial court. Because he failed to object to these alleged defects in the indictment before trial, Appellant waived any error as to the sufficiency of the indictment. We overrule Appellant's third issue on appeal.

In his fourth issue, Appellant contends that the State refused to comply with the trial court's discovery order to provide him with favorable evidence or extraneous offense evidence no less than thirty days before trial. Appellant alleges that the State failed to give Appellant notice of the pen packets that the State intended to introduce at trial and that the State refused to give Appellant favorable evidence. We disagree.

The trial court's discovery order required the State to provide, at least thirty days before trial, notice of favorable, exculpatory, or mitigating evidence and notice of the State's intention to use at trial any evidence of extraneous offenses. When the State offered the pen packets into evidence, Appellant objected and argued that the pen packets were hearsay and that the State had failed to comply with the notice requirement for business records. Appellant did not assert that the State failed to comply with the discovery order with respect to the pen packets. The trial court overruled the objection as to notice but sustained the objection as to hearsay. The trial court admitted into evidence prior judgments and affidavits that were attached to the pen packets, but it did not admit the entire pen packets as such.

7

Again, as we have noted earlier, to preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint. TEX. R. APP. P. 33.1(a). Failure to object and obtain an adverse ruling waives review of an error on appeal. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) (citing *Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999)).

Appellant waived his complaint that the State did not comply with the discovery order. Appellant presented no objection at trial to the admission of the pen packets into evidence on the basis that the State failed to comply with the discovery order.

When the State suppresses evidence favorable to the accused, that suppression constitutes a violation of due process if the evidence is material to either guilt or punishment irrespective of the good or bad faith of the prosecutor. *Thomas v. State*, 841 S.W.2d 399, 402 (Tex. Crim. App. 1992) (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). We use a three-part test to determine when a prosecutor has violated the Due Process Clause in connection with a *Brady* violation. Such a violation occurs when a prosecutor fails to disclose evidence that is favorable to the accused and that creates a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* at 402–03.

Here, Appellant fails the first prong because he has not shown that the State failed to disclose any evidence to Appellant. Appellant does not direct us to any part of the record where we could find factual support for this argument, and we were not able to find any in the record. We overrule Appellant's fourth issue on appeal.

In his fifth issue, Appellant contends that the evidence was not sufficient to support his conviction. Appellant alleges that the State failed to show his state of mind or his intent to cause bodily injury. We disagree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When we conduct a sufficiency review, we consider all the evidence admitted at trial, as well as improperly admitted pieces of evidence. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports incompatible inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits an assault if he "intentionally or knowingly threatens another with imminent bodily injury." TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2018). A person commits an aggravated assault if he "commits assault as defined in § 22.01 and . . . uses or exhibits a deadly weapon during the commission of the assault." *Id.* § 22.02(a)(2) (West 2011). A person commits the offense of deadly conduct if he recklessly engages in conduct that places another in imminent danger of serious bodily injury. PENAL § 22.05(a).

Intent or knowledge may be inferred from the acts, words, and conduct of an accused at the time of the offense. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App.

2002) (citing *Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999)). A threat may be communicated by action, conduct, or words. *McGowan v. State*, 664 S.W.2d 355, 357 (Tex. Crim. App. 1984) (citing *Horn v. State*, 647 S.W.2d 283 (Tex. Crim. App. 1983)).

The evidence established that, while Appellant stood outside Batson's and Scholl's bedroom door, he raised an axe over his head and screamed: "I'll f-----g kill you." Batson testified that he feared for their lives. Officers found an axe at the scene that matched Batson's and Scholl's description. The jury may infer Appellant's state of mind from Appellant's statement and conduct. *See Hart*, 89 S.W.3d at 64. We have considered all the evidence in the light most favorable to the verdict, and we conclude that a rational trier of fact could have found all of the elements of the offenses of aggravated assault with a deadly weapon and deadly conduct beyond a reasonable doubt. *See* Penal §§ 22.01(a)(2), 22.05(a). Accordingly, we hold that the evidence was sufficient to support Appellant's convictions. We overrule Appellant's fifth issue on appeal.

In his sixth issue, Appellant contends that the trial court abused its discretion when it denied Appellant's motion for a mistrial after juror misconduct was brought to the trial court's attention. Appellant alleges that jurors received outside information during the trial and that the trial court should have granted a mistrial. We disagree.

A juror used his cell phone during Appellant's testimony. Appellant's trial counsel brought that fact to the trial court's attention, and the trial court questioned the juror outside the presence of the jury. The juror stated that one of his clients had texted him. The client requested a quote and asked whether he would be in the office that day. The juror told the trial court that he told the client that he had jury duty and that he and his client had agreed to handle their business matters later that night. The juror assured the trial court that this was the only time that he had used his

phone.  Appellant moved for a mistrial.  The trial court denied Appellant's motion for mistrial.  The trial court clarified that its previous instruction to the jury was "to turn off all cell phones and other electronic devices.  While you are in the courtroom and while you are in deliberating, do not communicate with anyone through any electronic device."

We review a trial court's denial of a motion for mistrial for an abuse of discretion.  *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009) (citing *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).  An appellate court views the evidence in the light most favorable to the trial court's ruling and only considers those arguments before the court at the time of the ruling.  *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).  The ruling must be upheld if it was within the zone of reasonable disagreement.  *Id.*

"A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful and futile.'"  *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (quoting *Ladd*, 3 S.W.3d at 567).  "Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial," and there is a general presumption that a jury will follow the judge's instructions.  *Gamboa*, 296 S.W.3d at 580.  "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required."  *Hawkins*, 135 S.W.3d at 77.  "Whether an error requires a mistrial must be determined by the particular facts of the case."  *Jenkins v. State*, 493 S.W.3d 583, 612 (Tex. Crim. App. 2016).

"No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."  TEX. CODE CRIM. PROC. ANN. art. 36.22 (West 2006).  The primary goal of Article 36.22 is to insulate jurors from outside influence.  *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983).  "Therefore, if a violation is shown, the effectiveness of possible remedies

will be determined in part by whether the conversation influenced the juror." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)

Based on the facts before the trial court, we defer to the trial court's finding that a mistrial was not required. Although the juror failed to comply with the trial court's instructions, the communication at issue does not constitute juror misconduct in violation of Article 36.22. Here, the juror texted a client about business. He did not discuss the facts of the case with anyone. We conclude that the trial court did not abuse its discretion when it denied Appellant's motion for mistrial. We overrule Appellant's sixth issue on appeal.

We affirm the judgments of the trial court.


JIM R. WRIGHT

SENIOR CHIEF JUSTICE


November 8, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.